370TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. C-0898-17-G

| | | | |
|---|---|---|---|
| Rene Rodriguez<br>VS.<br>Starstone National Insurance Company | § § § § | Location:<br>Judicial Officer:<br>Filed on: | **370th District Court**<br>**Gonzalez, Noe**<br>**02/27/2017** |

---

### CASE INFORMATION

Case Type: **Contract -**
**Consumer/Commercial/Debt**
**(OCA)**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number          C-0898-17-G
Court                370th District Court
Date Assigned        02/27/2017
Judicial Officer     Gonzalez, Noe

---

### PARTY INFORMATION

| Plaintiff | Rodriguez, Rene | *Lead Attorneys*<br>**WHYTE, MARC K**<br>*Retained*<br>210-562-2888(W) |
|---|---|---|
| Defendant | **Starstone National Insurance Company** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/03/2017 | 📄 Jury Fee Paid | |
| 04/03/2017 | 📄 Answer<br>    Party:  Defendant  Starstone National Insurance Company<br>    *Defendant SNIC's Original Answer and Plea in Abatement* | |
| 03/08/2017 | 🗐 Citation Issued<br>    Party:  Defendant  Starstone National Insurance Company | |
| 03/08/2017 | **Citation By Certified Mail**<br>🗐 Starstone National Insurance Company<br>Served: 03/13/2017<br>Anticipated Server: 9214 8901 0661 5400 0103 7932 25<br>Actual Server: 9214 8901 0661 5400 0103 7932 25<br>Return Date/Time: 03/13/2017 | |
| 02/27/2017 | 🗐 Original Petition (OCA) | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

| | |
|---|---|
| **Defendant**  Starstone National Insurance Company<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of  4/10/2017** | 2.00<br>2.00<br>**0.00** |
| **Plaintiff**  Rodriguez, Rene<br>Total Charges | 446.00 |

EXHIBIT

B

*Printed on 04/10/2017 at 4:37 PM*

370TH DISTRICT COURT

# CASE SUMMARY
### CASE NO. C-0898-17-G

Total Payments and Credits                                                                     446.00
**Balance Due as of  4/10/2017**                                                                 **0.00**

DATE _____ 4-10-17 _____
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

CAUSE NO. C-0898-17-G

| | | |
|---|---|---|
| RENE RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, STARSTONE NATIONAL INSURANCE COMPANY, Defendant in the

above-referenced cause, and demands a trial by jury. The jury fee has been paid by the Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT STARSTONE
NATIONAL INSURANCE COMPANY

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 3rd day of April, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
Marc K. Whyte
Whyte PLLC
Email: mwhyte@whytepllc.com
        jsaenz@whytepllc.com

**VIA E-FILING**

Thomas F. Nye

DATE_____4-10-17_____
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

CAUSE NO. C-0898-17-G

| | | |
|---|---|---|
| RENE RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 370TH JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL INSURANCE | § | |
| COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STARSTONE NATIONAL INSURANCE COMPANY. (hereinafter "Defendant") file this, its Verified Original Answer and Plea in Abatement to Plaintiff's Original Petition, and would respectfully show:

### I.
### GENERAL DENIAL

1.1     Defendant generally denies the allegations contained in Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.
### SPECIFIC DENIAL

2.1     Defendant further pleads that Plaintiff's claims are barred and/or premature to the extent Plaintiff failed to comply with all terms and conditions of the insurance policy at issue.  In particular, Plaintiff failed to comply with the "Events After Loss" section of the policy prior to filing this suit. That section requires Plaintiff to provide written notice of a disagreement specifying what Plaintiff disagrees with and why. Within 15 days after receiving Plaintiff's notice of disagreement, Defendant may request information from the Plaintiff.  More specifically, the "Events After Loss" section provides as follows:

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

## CONDITIONS
***

3. **Events After Loss**
   ***
   c. **Disagreements With Our Claim Decision.**
      (1) You will receive a letter stating our claim decision. If you disagree with it, promptly give us written notice of what you disagree with and why. Send your notice to the address listed in our letter.
         (a) We will notify you when we receive your notice.
         (b) Notice of your disagreements is not required if your disagreements are asserted in a counterclaim.
      (2) In place of the above, we will treat the following as notice of your disagreements:
         (a) a written request for appraisal; or
         (b) a written notice of your disagreements to our agent if we receive a copy; or
         (c) a written notice of action under Texas Insurance Code, Chapter 541.
      (3) We have 15 days after we receive your notice to request information from you, and you must provide the information we request. We may request the following:
         (a) documents that show money you spent or may spend if they are related to your disagreements and we do not already have them.
         (b) an oral or signed written statement about your disagreements.
         (c) an examination under oath about your disagreements, which you must sign. Any examination will be separate from other insureds.
         (d) inspection of the property that is related to your disagreements. Before we inspect, we can require your statement and examination under oath.
      (4) We will notify you in writing of our decision on your disagreements:
         (a) within 15 business days after we receive all of the information we requested from you; or
         (b) if we do not request information from you, within 15 business days after we receive notice of your disagreements.
      (5) You or we may request appraisal at any time, but the appraisal process will not affect either of our duties in this section. If appraisal concludes or is underway during our time to consider your disagreements, any decision on the amount of loss will be determined by the appraisal decision.
   ***

11. **Suit Against Us.**
   a. No suit or action can be brought unless the policy provisions have been complied with. A suit brought against us must be filed within 2 years and 1 day after the cause of action accrues.
   b. If you disagree with our claim decision, you can file suit:

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

      (1) 60 days after we receive your notice of disagreements under Section 1 - Conditions, item 3.c.; or

      (2) if we do not request information from you within 15 days after we receive your notice of disagreements; or

      (3) if we do not notify you in writing of our decision on your disagreements within the time we are allowed under Section 1 - Conditions, item 3.c.(4); or

      (4) after you receive our decision on your disagreements; or

      (5) if it is necessary to prevent the statute of limitations from expiring.

    c. You can file suit before or after appraisal is requested. You and we agree that a suit must be abated if appraisal is requested until appraisal is complete.

    **d. If You File Suit Before Complying With Policy Provisions.**

      (1) If you file suit before you comply with the policy provisions, including providing notice of your disagreements, you and we agree:

        (a) the suit must be abated until you comply with the policy provisions, unless compliance is no longer possible; and

        (b) our duties under "Disagreements With Our Claim Decision" (Section 1 - Conditions, item 3.c) stop until we receive notice the suit is abated.

      (2) You comply with the policy provisions under "Disagreements With Our Claim Decision" when we:

        (a) receive notice of your disagreements;

        (b) receive the information we request from you, if any; and

        (c) notify you of our decision or our time to do so under Section 1 - Conditions, item 3.c.(4) has passed.

2.2   Plaintiff's first notice of any disagreement with the claims decision came on February 2, 2017, when Defendant was served with Plaintiff's Original Petition in a suit (Cause No. 048-290177-17) filed in Tarrant County, Texas. Plaintiff filed a non-suit of that claim on February 27, 2017. Plaintiff filed suit in Hidalgo County also on February 27, 2017. Pursuant to the above outlined provisions of the Plaintiff's insurance policy contract, Defendant issued correspondence to Plaintiff's attorney on February 16, 2017 requesting the insured to appear for an examination under oath, provide an oral statement, allow for an inspection of the property, and provide certain documents requested in accordance with the policy provisions. Plaintiff has failed to complete the process as required by the terms and conditions of the insurance policy at issue.

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

## III.
## PLEA IN ABATEMENT

3.1    In Plaintiff's Original Petition, Plaintiff has also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code.  Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005).  Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

3.2    Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

3.3    Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

## IV.
## AFFIRMATIVE DEFENSES

4.1    Defendant denies that the conditions precedent for a contract action, DTPA cause of action or Insurance Code cause of action have been met.

4.2    Defendant pleads that any damages or liabilities complained of by Plaintiff herein are the result, in whole or in part, of a peril which is specifically excluded by the policy.

4.3    Defendant further pleads that Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate their damages.

4.4    Defendant further pleads as an affirmative defense to Plaintiff's claims for violations of the Texas Insurance Code and breach of duty of good faith and fair dealing, that a

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

bona fide dispute exists with respect to the policy issued to Plaintiff. The existence of a bona fide dispute precludes recovery on any extra-contractual claims.

## V.
## PRAYER

WHEREFORE, Defendant Starstone National Company, respectfully prays that Plaintiff takes nothing by his suit herein, and for all other relief to which Defendant is justly entitled.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____

Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT STARSTONE
NATIONAL INSURANCE COMPANY

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the _3rd_ day of April, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
Marc K. Whyte
Whyte, P.L.L.C.
Email: mwhyte@whytepllc.com
jsaenz@whytepllc.com

**VIA E-FILING**

_____
Thomas F. Nye

Electronically Filed
4/3/2017 9:42:25 AM
Hidalgo County District Clerks
Reviewed By: Virginia Granados

## VERIFICATION

| | |
|---|---|
| THE STATE | § |
| | § |
| OF TEXAS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Michael L. Schneiderman, being by me duly sworn on his oath deposed and said that he has read the above and foregoing pleading and the statements in paragraphs 2.1, 2.2 and 3.2 contained therein are, to the best of his knowledge, information and belief, true and correct.

Michael L. Schneiderman, Authorized Agent
for StarStone National Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 3rd day of April, 2017, to witness my hand and official seal of office.

Notary Public in and for
the State of Texas

DATE 4-10-17
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy



Electronically Filed
8/8/2017 11:25:27 AM
Hidalgo County District Clerk
Reviewed By: Kim Hinojosa

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents that need to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certifications (signature and seal) please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

---

P.O. BOX 87 EDINBURG, TEXAS 78540    districtclerk@co.hidalgo.tx.us    OFFICE (956) 318-2200  FAX (956) 318-2251

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lomas | Stephanie Palacios | Alda Villarreal |
|---|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

C-0898-17-G
## 370TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**Starstone National Insurance Company**
**Registered Agent: Ct Corporation System**
**1999 Bryan St Ste 900**
**Dallas TX  75201**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 370th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 27th day of February, 2017 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-0898-17-G, RENE RODRIGUEZ  VS.  STARSTONE NATIONAL INSURANCE COMPANY**

Said Petition was filed in said court by Attorney MARC K WHYTE, 1045 CHEEVER BLVD SUITE 103  SAN ANTONIO TX  78217.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 8th day of March, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**KIMBERLY HINOJOSA DEPUTY CLERK**

DATE_____ 4-10-17

A true copy I certify
AURA HINOJOSA
Clerk, Hidalgo County, Texas
By_____Deputy

CERTIFIED MAIL  9214 8901 0661 5400 0103 7932 25

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 8th day of March, 2017 I, Kimberly Hinojosa, Deputy Clerk of the 370th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-0898-17-G, Rene Rodriguez  VS.   Starstone National Insurance Company a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___   (or   unserved   for   the   reason   on   the   certificate   return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 8th day of March, 2017.


**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**KIMBERLY HINOJOSA, DEPUTY CLERK**


### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____,   my   date   of   birth   is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0898-17-G

| | | |
|---|---|---|
| RENE RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STARSTONE NATIONAL | § | |
| INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

RENE RODRIGUEZ, Plaintiffs herein, file this her Original Petition against Defendant, STARSTONE NATIONAL INSURANCE COMPANY, and, in support of her causes of action, would respectfully show the Court the following:

### I. AMOUNT IN CONTROVERSY AND DISCOVERY CONTROL PLAN FOR EXPEDITED LAWSUIT PURSUANT TO TRCP 169

1.      Plaintiff seeks monetary relief of $100,000 or less, and thus this case should be administered pursuant to TRCP 169.  Therefore, Plaintiff intends to conduct discovery pursuant to TRCP 190.2.

### II. PARTIES

2.      Plaintiff resides and/or owns the property made the basis of this suit in HIDALGO County, Texas.  Said property is located at: 1104 W. Green Jay. Pharr, Texas 78577.

3.      STARSTONE NATIONAL INSURANCE COMPANY is a domestic corporation authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, Ct Corporation System, 1999 Bryan St. Ste 900, Dallas TX 75201 -3140.  Service is requested by certified mail, return receipt requested at this time.

1

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

### III. DISCOVERY

4.       Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil

Procedure 190.2 and 169.

### IV.  CLAIM FOR RELIEF

5.       As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states

the damages sought are in an amount within the jurisdictional limits of this Court.  As required by

Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking

monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses,

prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of

monetary relief actually awarded.  Plaintiff also seeks pre-judgment and post-judgment interest at

the highest legal rate.

### V. JURISDICTION AND VENUE

6.       This court has subject matter jurisdiction of this cause of action because it

involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No

diversity of citizenship exists in this matter.

7.       Venue is proper in HIDALGO County under Tex. Civ. Prac. & Rem. Code

§15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim

occurred in said County. In particular, the loss at issue occurred in this County.

### VI. FACTUAL BACKGROUND

8.       Plaintiff is a named insured under a property insurance policy issued by Defendant,

STARSTONE NATIONAL INSURANCE COMPANY.

9.       On or about JUNE 1, 2016, a storm hit the HIDALGO County area, damaging

Plaintiff's house and other property.  Plaintiff subsequently filed a claim on her insurance policy.

10.      Defendant improperly denied and/or underpaid the claim.

2

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

11.     The named Defendant and its adjusters assigned on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspection.

12.     The named Defendant and its adjusters' unreasonable investigation led to the underpayment and/or no payment of Plaintiff's claim.

13.     Moreover, STARSTONE NATIONAL INSURANCE COMPANY and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VII. CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Breach of Contract (STARSTONE NATIONAL INSURANCE COMPANY)

15.     STARSTONE NATIONAL INSURANCE COMPANY had a contract of insurance with Plaintiff.  STARSTONE NATIONAL INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### II.    Prompt Payment of Claims Statute (STARSTONE NATIONAL INSURANCE COMPANY)

16.     The failure of STARSTONE NATIONAL INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### III.   Unfair Settlement Practices / Bad Faith (STARSTONE NATIONAL INSURANCE COMPANY)

3

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

18.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendant violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

4

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

**IV.   Breach of Duty of Good Faith and Fair Dealing Against STARSTONE NATIONAL INSURANCE COMPANY**

23.     Defendant, STARSTONE NATIONAL INSURANCE COMPANY, breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Underwriters knew or should have known liability was reasonably clear.  Defendant, Farmers is therefore liable to Plaintiff.

**V.    Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

**VIII. CONDITIONS PRECEDENT**

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

5

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

## IX. DEMAND FOR JURY

28.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. DISCOVERY REQUESTS

29.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.    You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, Plaintiff will recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0898-17-G**

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By:   _M. K. Whyte_
         MARC K. WHYTE
         State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

7

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

### PLAINTIFF'S FIRST SET OF INTERROGATORIES,
### REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff(s) in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Marc K. Whyte, WHYTE PLLC, 1045 Cheever Blvd., Suite 103, San Antonio, Texas 78217; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to WHYTE PLLC. You are also advised that you are under a duty to seasonally amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

        1.  Identify the document's title and general subject matter;

8

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D.  "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys.  The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E.  "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F.  In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G.  If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H.  "Plaintiffs" and "Plaintiff'" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I.  "Property" means the property at issue in the lawsuit.

   J.  "Lawsuit" means this lawsuit.

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0898-17-G**

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Telephone:     (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

10

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

## INTERROGATORIES TO DEFENDANT

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

   ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

   ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

   ANSWER:

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

8. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

12

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the JUNE 1, 2016 as identified in the Petition;
    and b.  the policy declarations page for the 3 years preceding the storm
    and any endorsements.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

8.  Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    RESPONSE:


9.  A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and his managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

    RESPONSE:

10. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

    RESPONSE:


11. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

    RESPONSE:


12. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

    RESPONSE:

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0898-17-G**

13.  All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the JUNE 1, 2016 claimed by Plaintiff(s).

   RESPONSE:

14.  All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

   RESPONSE:

15.  The claim file related to the claim made the basis of this lawsuit, including all communications between Plaintiff and Defendant, and any of Defendant's agents.

   RESPONSE:

15

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

## FIRST SET OF REQUESTS FOR ADMISSIONS
## TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:     (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-

(k), as described below:

- (a) the correct names of the parties to the lawsuits;
- (b) the name, address, and telephone number of any potential parties;
- (c) the legal theories and, in general, the factual basis of Plaintiffs' claims;
- (d) the amount and any method of calculating economic damages;
- (e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
- (f) for any testifying expert:
    - (1) the expert's name, address and telephone number;
    - (2) the subject matter on which the expert will testify;
    - (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiffs, documents reflecting such information;
    - (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiffs:
        - (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
        - (B) the expert's current resume and bibliography;
- (g) any indemnity or insuring agreements;
- (h) any settlement agreements, described in Rule 192.3(g);
- (i) any witness statements, described in Rule 192.3(h);
- (j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
- (k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

Electronically Filed
2/27/2017 11:46:42 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0898-17-G

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to WHYTE PLLC, 1045 Cheever Blvd, Suite 103, San Antonio, Texas

78217.

Respectfully submitted,

**WHYTE PLLC**
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone:     (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com
Email: jsaenz@whytepllc.com

By: _____

MARC K. WHYTE
State Bar No. 24056526

**ATTORNEY FOR PLAINTIFF**

DATE_____4-10-17_____

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy

19

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **C-0898-17-G**         COURT *(FOR CLERK USE ONLY)*: _____

STYLED: RENE RODRIGUEZ VS. STARSTONE NATIONAL INSURANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

### 1. Contact information for person completing case information sheet:

| Names of parties in case: | Person or entity completing sheet is: |
|---|---|

**Name:**
Marc K. Whyte

**Email:**
mwhyte@whytepllc.com

**Address:**
1045 Cheever Blvd., Suite 103

**Telephone:**
210-562-2888

**City/State/Zip:**
San Antonio, TX 78217

**Fax:**
210-562-2873

**Signature:**
*M. K. Whyte*

**State Bar No:**
24056526

**Plaintiff(s)/Petitioner(s):**

RENE RODRIGUEZ

**Defendant(s)/Respondent(s):**

STARSTONE NATIONAL
INSURANCE COMPANY

[Attach additional page as necessary to list all parties]

☒ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent:
_____

Non-Custodial Parent:
_____

Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☒ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | ☐ Other Property: | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | ___ | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | ☐ Support Order |
| ☐ Other Foreclosure | Liability: | **Related to Criminal** | | |
| ☐ Franchise | ☐ Motor Vehicle Accident | **Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Premises | ☐ Expunction | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Judgment Nisi | Judgment | Termination |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Partnership | ☐ Other Product Liability | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Other Contract: | List Product: | ☐ Writ of Habeas Corpus— | ☐ Protective Order | ☐ Custody or Visitation |
| | | Pre-indictment | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| ___ | ☐ Other Injury or Damage: | ☐ Other: _____ | of Minority | ☐ Grandparent Access |
| | ___ | | ☐ Other: _____ | ☐ Paternity/Parentage |
| | | | | ☐ Termination of Parental |
| **Employment** | | **Other Civil** | | Rights |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | ☐ Other Parent-Child: |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: _____ | | |
| ___ | ☐ Intellectual Property | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |